UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA

-against-

ANTHONY WIGGINS,

                     Defendant.
------------------------------------------------------------------X

**ORDER**

**17-CR-419 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court are (1) Defendant Anthony Wiggins's January 22, 2018, motion in limine ("the Motion") and Defendant's January 23, 2018, motion in limine supplement (the "Supplemental Motion") (Def. Mot. in Lim. (Dkt. 38); Def. Suppl. Mot. in Lim. (Dkt. 40); see also Def. Mot. in Lim. Reply Br. (Dkt. 43)); (2) Defendant's letter application, dated January 24, 2018, requesting the disclosure by the Government of certain investigative documents pertaining to government witnesses (the "Document Disclosure Motion") (Def. Letter (Dkt. 41)); and (3) the Government's motion in limine seeking to preclude Defendant from cross-examining certain government witnesses about the investigative documents at issue in the Document Disclosure Motion (the "Government's Cross-Examination Motion") (Gov't Opp'n Mot. (Dkt. 42)). For the following reasons, the court (1) GRANTS Defendant's Motion and Supplemental Motion; (2) DENIES Defendant's Document Disclosure Motion; and (3) GRANTS the Government's Cross-Examination Motion.

As a preliminary matter, the Government consents to the exclusion of some of the items of evidence among those that Defendant seeks to exclude in his Motion and Supplemental Motion: (1) The Government states that it "does not intend to introduce the fraudulent credit and debit cards, driver's licenses, or the license plates" (Gov't Opp'n Mot. at 6), and (2) the Government states that it "does not intend to introduce [evidence of Defendant's previous

1

conviction of robbery in the third degree or of the underlying details of his robbery conviction], and is willing to stipulate to the fact of the defendant's prior felony conviction. However, should the defendant choose to testify in his own defense, the government reserves the right to cross-examine the defendant about his prior felony convictions." (Id. at 14-15 n.6.)

Defendant moves to exclude evidence that Defendant possessed stolen tablets, and evidence of a July 2, 2017, burglary of Basil Pizza. (Def. Mot. in Lim.; Def Mot. in Lim. Reply Br.) The court grants Defendant's motion to exclude this evidence, as any probative value or narrative-coherence value it might provide is substantially outweighed by the unfair prejudice it would cause to Defendant. See Fed. R. Evid. 403 (stating that even where evidence is determined to be relevant, it may be excluded if the court determines that "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence").

Defendant next moves to exclude evidence of an automatic weapon magazine, an automatic cartridge, a state prison identification, and a certificate of disposition, all of which were obtained during a May 27, 2017, search of Defendant's girlfriend's apartment. (Def. Suppl. Mot. in Lim.; Def Mot. in Lim. Reply Br.) The court grants Defendant's motion to exclude these items of evidence, as any probative value they might provide is substantially outweighed by the unfair prejudice they would cause to Defendant. See Fed. R. Evid. 403.

The Government moves to preclude Defendant from cross-examining certain government witnesses about the investigative documents at issue in the Document Disclosure Motion. (Gov't Opp'n Mot.) For the following reasons, the court grants the Government's motion.

The extent and scope of cross-examination is a matter within the discretion of the trial court, see United States v. Wilkerson, 361 F.3d 717, 734 (2d Cir. 2004), and the court may preclude cross-examination that is of marginal relevance to the issues before it, see United States v. Maldonado-Rivera, 922 F.2d 934, 956 (2d Cir. 1990); see also Fed. R. Evid. 611 ("The court should exercise reasonable control . . . [in order to] avoid wasting time[] and protect witnesses from harassment or undue embarrassment."). Cross-examination is also limited by Federal Rule of Evidence 403, which excludes otherwise relevant evidence if its "'probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues . . . , or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" United States v. Figueroa, 548 F.3d 222, 229 (2d Cir. 2008) (quoting Fed. R. Evid. 403).

In the instant case, the court exercises its discretion to preclude cross-examination as to the investigative documents at issue in the Document Disclosure Motion. After an in camera review of the documents—including a review of internal pieces of the documents, see United States v. Barret, 2012 WL 194992 (E.D.N.Y. Jan. 23, 2012)—the court determines that the events described in these documents do not cast doubt on the credibility of the witnesses. Thus, applying the controlling authority to these facts, the court precludes cross-examination as to these topics. Accordingly, the court grants the Government's request to preclude Defendant from cross-examining government witnesses about the investigative documents at issue in the Document Disclosure Motion.

Next, Defendant requests the disclosure by the Government of these investigative documents. (Def. Letter.) Because, as discussed, the court determines that there is nothing in the documents that casts doubt on the witnesses' credibility, the court denies Defendant's request that the Government disclose the documents.

For the foregoing reasons, the court (1) GRANTS Defendant's Motion and Supplemental Motion; (2) DENIES Defendant's Document Disclosure Motion; and (3) GRANTS the Government's Cross-Examination Motion.

SO ORDERED.

Dated: Brooklyn, New York
January 26, 2018

/s Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge