UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANTHONY WIGGINS,

                Petitioner,

   -against-

UNITED STATES OF AMERICA

                Respondent.

**MEMORANDUM & ORDER**
**17-CR-419 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Petitioner Anthony Wiggins's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. (Mot. to Vacate ("Pet.") (Dkt. 98).) Petitioner seeks to vacate his sentence, which was imposed by the court on May 2, 2018 after a jury convicted him of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (Pet. at 1; May 2, 2018 Judgment (Dkt. 87).) For the reasons set forth below, the Petition is DENIED.

## I.    BACKGROUND

The court assumes the parties' familiarity with the underlying proceedings and summarizes the record as necessary for this petition. *See United States v. Wiggins*, No. 17-cr-419 (NGG), 2018 WL 10126062 (E.D.N.Y. Jan. 26, 2018); *United States v. Wiggins*, 787 F. App'x 775 (2d Cir. 2019) (summary order).[1]

On February 5, 2009, Petitioner, then 17 years old, was convicted of robbery in the third degree and attempted robbery in the third degree, in violation of N.Y. Penal Law §§ 160.05, 110-160.05. (*See* Pet'r Second Ltr. ("Second Ltr.") (Dkt. 104) at 2; Resp. in Opp'n to Mot. to Vacate ("Resp.") (Dkt. 99) at 1-2, 4, 8.) At 18

---

[1] When quoting cases, unless otherwise noted, all citations and quotation marks are omitted and all alterations are adopted.

years old, he was sentenced to one to three years' imprisonment for each crime and served approximately 16 months before being released on parole. (Resp. at 2; Second Ltr. at 2.) Following Petitioner's arrest in connection with these crimes, he left school, where he attended special education classes, and became homeless for a period of time. (Second Ltr. at 2; Def. Sentencing Ltr. (Dkt. 82-1) at 3.)

On July 9, 2017, Petitioner was arrested, while intoxicated, after New York City Police Department Officers observed him in possession of a firearm. (Second Ltr. at 2; Aff. and Compl. in Supp. of Appl. for Arrest Warrant (Dkt. 1) at 1-2.) He was subsequently charged in the Eastern District of New York with being a felon previously convicted of a crime punishable by imprisonment for a term exceeding one year, who knowingly and intentionally possessed a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (*See* Indictment (Dkt. 20).) Before trial, Petitioner moved *in limine* "to stipulate to the fact that he ha[d] previously been convicted of a felony" and to "exclud[e] any evidence naming the felony Mr. Wiggins was previously convicted of, or presenting any evidence of its underlying details." (Def.'s Mot. in Lim. (Dkt. 38) at 1, 3 ("There is a high risk of unfair prejudice in admitting the details because the jury, by hearing that Mr. Wiggins had previously been convicted of a robbery, may infer that he had previously used a weapon and thus propensity.").)

At the close of trial, the jury was instructed that to find Mr. Wiggins guilty of violating 18 U.S.C. § 922(g), it must find that the Government proved beyond a reasonable doubt:

> First, that prior to July 9, 2017 the defendant was convicted in any court of a crime punishable by imprisonment for a term exceeding one year. Second, that on or about July 9, 2017 the defendant knowingly and intentionally possessed a firearm charge[d] in the indictment. And, third, that the firearm that the defendant is charged with possessing was

> shipped or transported in interstate commerce prior to the defendant's possession of it.

(Tr. of Record (Dkt. 92) at 558-59.) On these instructions, the jury convicted Petitioner of being a felon unlawfully in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (Feb. 9, 2018 Jury Verdict (Dkt. 78); May 2, 2018 Judgment at 1.) He was sentenced to serve a term of 78 months in federal prison and three years of supervised release. (May 2, 2018 Judgment at 2-3.)

Petitioner appealed this conviction on April 26, 2018, contending, among other arguments, that the District Court erred when it considered "his prior third-degree New York robbery conviction a 'crime of violence' for purposes of § 2K2.1 of the United States Sentencing Guidelines." *Wiggins*, 787 F. App'x at 777; (Notice of Appeal (Dkt. 85)). On June 21, 2019, after appellate briefing concluded but before oral argument, the Supreme Court decided *Rehaif v. United States*, holding that "in a prosecution under 18 U.S.C. §§ 922(g), 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. 2191, 2200 (2019); (Reply in Supp. of Mot. to Vacate ("Reply") (Dkt. 100) at 2). Three months after *Rehaif*, on September 18, 2019, the Second Circuit heard oral arguments on Petitioner's appeal. And on September 30, 2019, the Circuit affirmed his conviction by summary order. *See Wiggins*, 787 F. App'x at 780; (Resp. at 4).

## II.  LEGAL STANDARD

A federal prisoner may file a petition with the sentencing court "to vacate, set aside, or correct" a conviction or sentence that was imposed "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Petitions for habeas corpus relief

that collaterally attack final judgments are "in tension with society's strong interest in the finality of criminal convictions, [so] the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Ciak v. United States*, 59 F.3d 296, 301 (2d Cir. 1995), *abrogated on other grounds by Mickens v. Taylor*, 535 U.S. 162 (2002).

Federal habeas petitions may be barred if a petitioner fails to follow the applicable procedural requirements. Accordingly, courts apply a "general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."[2] *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also Bousely v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 165, 167-68 (1982) ("[A]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment.").

## III. DISCUSSION

The court's jury instructions at trial did not require the Government to prove that Petitioner knew of his status as a felon—the fact of his prior conviction was sufficient. *Rehaif* rendered that instruction erroneous. As a result, Petitioner now argues that his federal conviction was invalid, because he "was not convicted beyond a reasonable doubt with respect to an element of the offense," which required that Petitioner knew of his status as a

---

[2] Petitioner does not argue "actual innocence"—another potential basis for excusing procedural default. *See Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007) ("[T]he procedural default bar may be overcome only where the petitioner establishes either (1) 'cause' for the failure to bring a direct appeal and 'actual prejudice' from the alleged violations; or (2) 'actual innocence.'").

4

person barred from possessing a firearm (the "knowledge-of-status claim"). (Pet. at 3.) For the reasons set forth below, however, Petitioner's claim is barred.

### A. Procedural Bar

Petitioner concedes that he did not raise a knowledge-of-status claim at trial or on direct appeal of his conviction. (Reply at 2.) Even so, Petitioner argues that he has demonstrated "cause and prejudice" to overcome this procedural hurdle. (*Id.*) Petitioner's arguments are unavailing. He has not shown cause—*Rehaif* was decided while Petitioner's case was on appeal; and he has not shown prejudice—Petitioner fails to offer persuasive reasons as to why he would lack an understanding of his status as a felon.

#### 1. Cause

"Showing 'cause' usually requires a demonstration of 'some external impediment preventing counsel from constructing or raising the claim.'" *Allison v. Khahaifa*, No. 10-cv-3453 (KAM), 2011 WL 3298876, at *6 (E.D.N.Y. Aug. 1, 2011) (quoting *Murray v. Carrier*, 477 U.S. 478, 492 (1986)). The Supreme Court has "held that a claim that is so novel that its legal basis is not reasonably available to counsel may constitute cause for a procedural default." *Bousely*, 523 U.S. at 622. "The question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was available at all." *Gupta v. United States*, 913 F.3d 81, 85 (2d Cir. 2019).

Here, the knowledge-of-status claim was available to Petitioner. The Supreme Court decided *Rehaif* while Petitioner's case was still on appeal—three months before oral argument—yet Petitioner failed to raise the now-clear knowledge-of-status claim in his argument. *See* Fed. R. App. P. 28(j) ("If pertinent and significant authorities come to a party's attention after the party's brief has been filed—or after oral argument but before decision—a

party may promptly advise the circuit clerk by letter, with a copy to all other parties, setting forth the citations."); *see also United States v. Walker*, 974 F.3d 193, 202 (2d Cir. 2020) ("Several weeks before the scheduled oral argument on this appeal, we granted Walker's motion for leave to file supplemental briefing on the question whether the Supreme Court's decision in *Rehaif . . .* compels reversal of his conviction."). Accordingly, because Petitioner had the opportunity to raise the knowledge-of-status claim before decision but failed to do so, Petitioner has not shown cause. *Cf. United States v. Sumlin*, No. 18-cr-682 (SHS), 2020 WL 3318207, at *3 (S.D.N.Y. June 18, 2020) (finding that "there is no doubt that the claim was reasonably available to [petitioner]" because "*Rehaif* was decided just a few months after [his] guilty plea, and an entire month before he was sentenced" and "[n]othing precluded [him] from moving to withdraw his guilty plea at that time").

### 2. **Prejudice**

Even if Petitioner could demonstrate cause for his procedural default, Petitioner cannot establish prejudice. "The habeas petitioner must show not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Carrier*, 477 U.S. at 494 (emphasis in original). Prejudice is not shown, however, where "the record 'removes any doubt that the defendant was aware of his membership in § 922(g)(1)'s class.'" *Delva v. United States*, No. 12-cr-802 (JMF), 2020 WL 2214801, at *5 (S.D.N.Y. May 7, 2020) (citing *United States v. Miller*, 954 F.3d 551, 560 (2d Cir. 2020)).

Here, Petitioner alleges that the erroneous jury instruction prejudiced him because it resulted in his "conviction [being] completely unsupported by proof of an element of the offense" which "worked to Mr. Wiggins's actual and substantial disadvantage." (Reply at 4-5.) Petitioner asserts four reasons to show

that it is "'reasonably probable' that the jury would have found that Mr. Wiggins did not have the necessary *mens rea*": (1) Petitioner was arrested as a juvenile and was sentenced on his eighteenth birthday; (2) he attended special education classes in school before becoming homeless; (3) nine years passed between his previous felony and his arrest for gun possession; and (4) he was an alcoholic and was drunk at time he possessed the gun. (Second Ltr. at 2.) These reasons do not demonstrate prejudice.

First, although Petitioner committed his previous crimes when he was 16 and 17 years old, he was sentenced when he was 18 years old. (*Id.*) Second, that Petitioner attended special education classes does not, without more, vitiate his knowledge of his status. Third, a nine-year gap erases neither one's knowledge of having committed a felony, nor of serving 16 months in detention for that conviction. Finally, that Petitioner may have been an alcoholic and intoxicated at the time he was arrested for firearm possession, without more, does not undermine his understanding of his status.

Petitioner's reasons are undermined further by the following facts: Petitioner was convicted of robbery in the third degree (a class D felony), *see* N.Y. Penal Law § 160.05, and attempted robbery in the third degree (a class E felony), *see id.* § 110.05; he was sentenced to one to three years' imprisonment for these crimes; and he was incarcerated for 16 months as a result of that sentence. Moreover, before his federal trial, Petitioner stipulated to his prior felony conviction, specifically requesting to "exclud[e] any evidence naming the felony Mr. Wiggins was previously convicted of, or presenting any evidence of its underlying details." (Def.'s Mot. in Lim. at 1, 3.) And during his federal sentencing, Petitioner objected to the Presentence Report's Guidelines offense level calculation but did not object to, and explicitly confirmed, his Criminal History category III, which

reflected his status as a felon. (Resp. at 4; Obj. to Presentence Investigation Report (Dkt. 81) at 1, 10.)

Accordingly, Petitioner has failed to show prejudice, because his reasons neither cast doubt on his understanding of his status as a felon while possessing a firearm, nor show a reasonable probability that the jury would have found he lacked knowledge of his prohibited status. *See Greer v. United States*, 141 S. Ct. 2090, 2098 (2021) ("In sum . . . demonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons.").

### IV.   CONCLUSION

For the foregoing reasons, Petitioner's claim is dismissed as procedurally barred. Accordingly, the Petition is DENIED. Because Petitioner has not made a substantial showing of the denial of any constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c).

SO ORDERED.

Dated:   Brooklyn, New York
         October 21, 2021

                                         /s/ Nicholas G. Garaufis
                                         NICHOLAS G. GARAUFIS
                                         United States District Judge